UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDWIN ROMAN,

                                 Plaintiff,

      -against-

NIGHTHAWK SECURITY ASSOCIATES, INC.,
NEC CORPORATION OF AMERICA, and
DANIEL J. MURPHY, individually,

                                Defendants.
-----------------------------------------------------------------X

Civil Case No: 1:19-cv-11050

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, EDWIN ROMAN, (hereinafter referred to as "Plaintiff") by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants NIGHTHAWK SECURITY ASSOCIATES, INC. (hereinafter referred to as "NIGHTHAWK"), NEC COPORATION OF AMERICA ("NEC"), and DANIEL J. MURPHY (hereinafter referred to as "MURPHY"), (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1.    Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and to remedy violations of the New York Labor Law ("NYLL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, Defendants failure to compensate Plaintiff the prevailing wage and overtime for hours worked over forty per week.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FLSA. The Court also has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This case involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. Venue is proper in this District based upon the fact that the events or omissions that gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

5. Plaintiff is an individual man who is a resident of the State of New York.

6. At all times material, Defendant NIGHTHAWK is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

7. At all times material, Defendant NIGHTHAWK owns and operates a professional security and contracting company.

8. At all times material, Defendant NEC is a foreign business corporation duly existing by the virtue and laws of the State of Nevada that does business in the State of New York.

9. At all times material, Defendant NEC is a Japanese multinational information technology and electronics company headquartered in Tokyo, Japan.

10. At all times material, Defendants NIGHTHAWK and NEC jointly employed Plaintiff.

11. At all times material, Defendant MURPHY is an individual man who is a resident of the State of New York.

12. At all times material, Defendant MURPHY is the Chief Executive Officer and President of Defendant NIGHTHAWK.

13. At all times material, Defendant MURPHY held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

14. At all times material, Defendants meet the definition of an employer under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

15. In or around 2002, Defendants hired Plaintiff as an Electrician.

16. At the time of Plaintiff's hire, Defendants paid Plaintiff THIRTEEN DOLLARS ($13) an hour.

17. From the onset of Plaintiff's employment with Defendants, Defendants were contracted through the City of New York to perform work in Elmhurst Hospital and Queens General Hospital.

18. At all times material, Elmhurst Hospital operates as a part of the New York City Health and Hospitals Corporation ("NYCHHC").

19. Since his employment began, Plaintiff was a full-time employee who worked 40 hours weekly with occasional overtime.

20. At all times material, Plaintiff worked between 12 and 20 hours of overtime per week throughout his employment with Defendants.

21. At all times material, the NYLL entitles contractors and subcontractors working on public projects, such as projects within a State or City owned hospital, to a prevailing wage.

22. From the onset of Plaintiff's employment with Defendants, Plaintiff performed electric

cabling work in Elmhurst Hospital.

23. At the time of Plaintiff's employment, Defendants deceptively failed to inform Plaintiff that he was entitled to a prevailing wage for his work within Elmhurst Hospital.

24. As a result, Plaintiff continued to work for Defendants, obtaining small incremental raises periodically, all of which were significantly less that the prevailing wage as dictated by the NYLL.

25. By way of example, from July 2013 through June 2014, the New York City Office of the Comptroller listed the prevailing wage as $93 an hour.

26. At all times material, Plaintiff was entitled to the prevailing wage because he was an electrician performing work in a City owned hospital.

27. Instead of compensating Plaintiff at the appropriate rate, Defendants willfully and intentionally neglected their obligation to pay Plaintiff the prevailing wage and offered Plaintiff a mere $28 an hour.

28. By way of further example, the prevailing wage from June 2015 through July 2016 was $104 dollars an hour.

29. During this time, Defendants provided Plaintiff a raise to $40 dollars an hour. Notwithstanding the raise in pay, Defendants were still compensating Plaintiff at a rate significantly less than the prevailing wage pursuant to the NYLL.

30. Year after year, Defendants continued to willfully and intentionally pay Plaintiff substantially less than the prevailing wage as set forth by the NYLL.

31. In or around June 28, 2018, Defendants granted Plaintiff a raise in pay to $85 dollars an hour.

32. At this time, according to the New York City Office of the Comptroller, the prevailing

wage pursuant to the NYLL was $111 an hour.

33. Defendants failed to pay Plaintiff the appropriate prevailing wage pursuant to the NYLL.

34. Defendants violated the NYLL by failing to pay Plaintiff at the appropriate prevailing wage for his work for Defendants in Elmhurst Hospital.

35. Throughout the duration of his employment with Defendants, Plaintiff regularly worked overtime for Defendants.

36. At all times material, Defendants only compensated Plaintiff for his overtime hours at his straight time rate of pay.

37. Defendants failed to pay Plaintiff at the proper rate of pay under the FLSA and the NYLL which is time and a half for hours worked over 40 hours a week.

38. Defendants failed to pay Plaintiff the appropriate prevailing wage and to properly compensate Plaintiff for his overtime pay at a rate one and one-half times the rate at which he was employed.

39. Defendants continued to employ Plaintiff as an electrician working in Elmhurst Hospital until September 2018, when the City of New York declined to renew its contract with Defendants. As a result, Defendants terminated Plaintiff's employment.

40. At the time of Plaintiff's termination, Defendants continued to pay Plaintiff at a rate of $85 dollars an hour.

41. Defendants continued to willfully and negligently fail to pay Plaintiff the prevailing wage as dictated by the NYLL.

42. Throughout the duration of Plaintiff's employment, Defendants willfully failed to compensate Plaintiff for his overtime hours at the appropriate rate of time and a half and also intentionally failed to pay Plaintiff at the appropriate prevailing wage.

43. Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

44. Defendants intentionally and willfully failed to comply with the NYLL and the FLSA when Defendants neglected their responsibility to pay Plaintiff at the appropriate prevailing wage.

**AS A FIRST CAUSE OF ACTION
FOR UNPAID OVERTIME
UNDER THE FAIR LABOR STANDARDS ACT
(AGAINST ALL DEFENDANTS)**

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. Defendants willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of 40 hours per week, at a rate of at least one and one-half times the rate at which he was employed.

47. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 *et seq*. and its implementing regulations.

48. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

49. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

50. Plaintiff also seeks liquidated damages under the FLSA.

51. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR UNPAID OVERTIME
### UNDER THE NEW YORK LABOR LAW
### (AGAINST ALL DEFENDANTS)

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. Defendants employed Plaintiff for work weeks longer than 40 hours and willfully failed to compensate Plaintiff for the time he worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the NYLL.

55. By the course of the conduct set forth above, Defendants violated the N.Y. Lab. Law § 663.

56. Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab Law §663.

57. As a consequence of the willful underpayment of wages alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR UNPAID WAGES
### UNDER THE NEW YORK LABOR LAW
### (AGAINST ALL DEFENDANTS)

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The New York Labor Law (N.Y. Lab. Law §220-3 *et seq*.) provides:

"(a)The wages to be paid for a legal day's work, as hereinbefore defined, to laborers,

workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined. Serving laborers, helpers, assistances and apprentices shall not be classified as common labor and shall be paid not less than the prevailing rate of wages as hereinafter defined. No employee shall be deemed an apprentice unless he is individually registered in an apprenticeship program which is duly registered with the commissioner of labor in conformity with the provisions or article twenty-three of this chapter. The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics upon any material to be used upon or in connection therewith, shall not be less than the prevailing rate of a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected, or used. Such contracts shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the wages herein provided.

61. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the unpaid wages, reasonable attorney's fees and costs of the action, and pre-judgement and post-judgement costs.

62. Defendants' failure to comply with the NYLL caused Plaintiff to suffer loss of wages.

63. Defendants' violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. Plaintiff has expended numerous hours and monies in performing the above work for Defendants.

66. As a result of the above, Defendants have received an enrichment.

67. As a result of the above, Plaintiff has suffered an impoverishment.

68. There exists a connection between the enrichment and the impoverishment.

69. There is an absence of a justification for the enrichment and the impoverishment.

70. Plaintiff pleads in the alternative, that in the event there is no other remedy under the law, Plaintiff is entitled to recover under the doctrine of unjust enrichment.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## QUANTUM MERUIT
## (AGAINST ALL DEFENDANTS)

71. All above paragraphs are repeated herein as if set forth fully at length.

72. Plaintiff rendered valuable services.

73. The services were rendered to Defendants.

74. The services were acceptable, used, and enjoyed by Defendants.

75. Defendants was aware that Plaintiff, in performing the services, expected to be paid by Defendants.

76. Defendants failed to compensate Plaintiff for the services rendered and Plaintiff has been damaged in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants in an amount to be determined at trial for all unpaid overtime, in addition to liquidated and statutory damages, attorney's fees, costs and interest and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful wage and hour practices.

Dated:   New York, New York
        December 2, 2019

                                          **DEREK SMITH LAW GROUP, PLLC**
                                          *Attorneys for Plaintiff*

                                          Zack Holzberg, Esq.
                                          One Penn Plaza, Suite 4905
                                          New York, New York 10119
                                          (212) 587- 0760